IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAKSIM YURYEVICH ISAYEV,

    Petitioner,                        No. 2:12-cv-2551 KJN P

    vs.

WILLIAM KNIPP,                       <u>ORDER</u>

    Respondent.

_____/

        Petitioner is a state prisoner. On November 20, 2012, pursuant to court order, petitioner filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner previously paid the filing fee. Petitioner also filed a motion to proceed in forma pauperis, a motion to proceed with next friends or, in the alternative, to appoint counsel, and a motion to stay the petition, which the court addresses seriatim.

        First, the motion to proceed in forma pauperis, although signed by petitioner, was not completed. For example, petitioner did not answer the questions contained within the form. Thus, the court cannot determine whether petitioner is entitled to proceed in forma pauperis. Petitioner's motion is denied without prejudice.

        Second, petitioner's wife, Varvara Isayev, and his uncle by marriage, David J. Dearinger, seek to proceed as petitioner's "next friends." (Dkt. No. 6.)

1

Under Article III, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). A litigant demonstrates standing by showing that he has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision.

The concept of "next friend" standing in habeas corpus proceedings is codified in 28 U.S.C. § 2242. Section 2242 states that "[a]n application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. To establish "next friend" standing, the putative "next friend" must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability --why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (internal citations omitted). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163.

Here, petitioner's wife and uncle by marriage seek leave to proceed as "next friends" for petitioner. It is alleged that petitioner "lacks sufficient understanding of the English language" (dkt. no. 4 at 2), and "lacks a working knowledge of the English language and cannot prosecute this action by himself" (dkt. no. 6 at 2). Movants claim that petitioner speaks Russian/Ukrainian and needed an English interpreter throughout every stage of the criminal

////

prosecution, and that he cannot now be expected to litigate this § 2254 petition on his own." (Dkt. No. 6 at 5.)

Language barriers are present in a majority of pro se prisoner actions. Galvan v. Horel, 2007 WL 4239543 (E.D. Cal. Dec. 3, 2007) (inability to read or write English insufficient to demonstrate inaccessibility). Therefore, unfortunately, petitioner is no different than those litigants. While movants have shown a significant relationship between themselves and petitioner, they failed to demonstrate that petitioner is unable to pursue habeas relief because of mental incompetence or inaccessibility, as required under Whitmore. See, e.g., Brewer v. Lewis, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must prove party to be protected is incompetent to assert his own rights); Warren v. Cardwell, 621 F.2d 319, 321 n.1 (9th Cir. 1980) (finding inaccessibility when the prisoner "could not sign and verify the petition because the prison was locked down."); Padilla v. Rumsfeld, 352 F.3d 695 (2d Cir. 2003), rev'd on other grounds, 542 U.S. 426 (2004) (finding inaccessibility when petitioner was unable to file a petition on his own behalf because he was being held "incommunicado" as an enemy combatant). Accordingly, movants' motion to proceed as petitioner's next friends is denied. (Dkt. No. 6.)

Third, in the alternative, movants ask the court to appoint counsel to represent petitioner herein. Petitioner was convicted of first degree murder on March 12, 2007, and sentenced to life without the possibility of parole, plus 25 years to life for a firearm enhancement. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Thus, the court grants movants' alternative motion that petitioner be appointed counsel.

Fourth, because the motion to proceed as next friends was denied, the motion to stay is not properly before the court, and is denied without prejudice.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 20, 2012 motion to proceed in forma pauperis (dkt. no. 5) is denied without prejudice;

2. The November 20, 2012 motion to proceed with next friends (dkt. no. 6) is denied;

3. The November 20, 2012 motion for appointment of counsel (dkt. no. 6) is granted;

4. The motion to stay (dkt no. 7) is denied without prejudice;

5. The Federal Defender is appointed to represent petitioner.

6. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender.

7. A status conference is set for April 25, 2013, at 10:00 a.m., in Courtroom #25.

8. Petitioner shall appear at the status conference by counsel.

9. Fourteen days prior to the conference, petitioner's counsel shall file and serve a status report which address the timing and order of the following matters:

   a. Discovery and investigations;

   b. Anticipated motions;

   c. The need for and timing of an evidentiary hearing;

   d. Enumeration and resolution of unexhausted claims; and

   e. Possible future amendments to the pleadings.

Petitioner is advised that failure to timely file a status report may result in sanctions.

10. The Clerk of the Court is directed to change the case caption as set forth above, and remove David J. Dearinger and Varvara Isayev as parties to this action; however, the

////

////

////

1  Clerk shall serve a copy of this order on Mr. Dearinger and Ms. Isayev.

2  DATED: December 4, 2012

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　KENDALL J. NEWMAN
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

isay2551.110a