UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM YURYEVICH ISAYEV,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM KNIPP,<br><br>　　　　　Respondent. | No. 2: 12-cv-2551 KJN P<br><br><br>ORDER AND FINDINGS and<br>RECOMMENDATIONS |

　　　　Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has not yet been served.

　　　　Petitioner challenges his 2007 conviction for first degree murder for which he is serving a sentence of life without the possibility of parole. Pending before the court is petitioner's July 3, 2013 motion to stay pending exhaustion of additional claims. For the following reasons, the undersigned recommends that petitioner's motion to stay be granted.

　　　　A district court may stay a habeas petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), or Rhines v. Weber, 544 U.S. 269 (1995). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and impose different

1

requirements for obtaining a stay. Under <u>Kelly</u>, a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. <u>King</u>, 564 F.3d at 1135 (citing <u>Kelly</u>, 315 F.3d at 1070–71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided, of course, the new claims are not time-barred (because a stay pursuant to <u>Kelly</u> does not toll the federal limitations period with respect to the unexhausted claims). <u>King</u>, 564 F.3d at 1135, 1140–41. A district court may also deny a request for a stay under <u>Kelly</u> if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. <u>King</u>, 564 F.3d at 1141. An amendment of a habeas petition relates back to the original filing date for statute of limitations purposes only if it shares a "common core of operative facts" with the original claim. <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005). Thus, the <u>Kelly</u> procedure is "not only a more cumbersome procedure for petitioners, but also a riskier one." <u>Kelly</u>, 564 F.3d at 1140.

Under <u>Rhines</u>, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. <u>Rhines</u>, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" <u>King</u>, 564 F.3d at 1140. However, to qualify for a stay under <u>Rhines</u>, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. <u>Rhines</u>, 544 U.S. at 277–78. The <u>Kelly</u> procedure, which has remained available after <u>Rhines</u>, does not require a showing of good cause. <u>King</u>, 564 F.3d at 1140.

Here, petitioner has filed a mixed petition and requests a stay pursuant to <u>Rhines</u>. Seven of the nine claims are unexhausted. Accordingly, the undersigned considers the <u>Rhines</u> factors.

Petitioner argues that he could not exhaust his unexhausted claims prior to this time because he speaks Russian and was unable to understand and prepare his amended petition and the exhaustion petition filed in state court. Petitioner alleges that while in prison, he was unable

to obtain the necessary evidence needed to prepare the petition.  Petitioner also argues that it took his presently appointed counsel time to obtain and review the trial record, which included 4084 pages of reporter's transcripts and 4953 pages of court reporter's transcripts, in order to determine what new claims should be exhausted.

The Ninth Circuit has provided no clear guidance beyond holding that the good cause test is less stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F.Supp.2d 844, 849 (S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544 U.S. 408, 416–17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal.  Wooten, 540 F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten, 540 F.3d at 1024.

Before the undersigned appointed counsel, petitioner's friends filed the original petition in this court on petitioner's behalf.  (ECF No. 1.)  In a verified motion to stay filed prior to the appointment of counsel, petitioner's friends stated that petitioner spoke primarily Russian/Ukrainian.  (ECF No. 7 at 2.)  The motion to stay filed by petitioner's friends also stated that petitioner depended on a court appointed interpreter during his criminal trial.  (Id.)  According to the motion to stay filed by petitioner's friends, petitioner's wife filed a habeas corpus petition on his behalf in the Sacramento County Superior Court.  (Id. at 3.)  This state petition raised nine claims, one of which is included in the proposed amended petition.  (ECF No. 16-1 at 9.)  The undersigned appointed counsel out of concerns regarding petitioner's ability to

3

1 represent himself based on his apparent lack of ability to communicate in English.

2   In Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), the Ninth Circuit held that the inability of a habeas petitioner to read English, coupled with a lack of Spanish-language legal materials and the unavailability of translators constituted "extraordinary circumstances" under the equitable tolling doctrine.  Although petitioner in the instant case has not alleged the absence of Russian-language legal materials or translators, the undersigned finds that petitioner need not allege these facts to satisfy the lower good cause standard when he alleges that he did not understand English.  It appears that petitioner himself did not have ability to file a habeas petition under the circumstances facing him.  For these reasons, the undersigned finds that petitioner has demonstrated good cause for his failure to exhaust all claims prior to filing his federal petition.

   In the pending motion to stay, petitioner argues that the unexhausted claims are meritorious.  Unexhausted claim one alleges that the sentence of life without the possibility of parole violates the Eighth Amendment's guarantee against cruel and unusual punishment. Unexhausted claim two alleges that trial counsel was ineffective for failing to present mitigating evidence at sentencing and for failing to ask the court to exercise its discretion and impose a sentence of 25 years to life.  Unexhausted claim three alleges that appellate counsel was ineffective for failing to raise the sentencing issue on direct appeal.

   Unexhausted claim four alleges that trial counsel was ineffective for failing to adequately investigate and present a defense based on diminished capacity.  Unexhausted claim five alleges that the prosecutor committed misconduct by misstating the law during closing argument and that trial counsel was ineffective for failing to object.  Unexhausted claim seven alleges that the trial court lowered the state's burden of proof when it instructed the jury that the state need only prove the prior conduct by a preponderance of the evidence.  Finally, unexhausted claim nine alleges that petitioner was denied his right to an impartial jury when the trial judge discharged the lone holdout juror.

   After reviewing the unexhausted claims in the amended petition, the undersigned finds that petitioner has adequately explained and demonstrated how his unexhausted claims are potentially meritorious.

4

The undersigned also finds that petitioner has demonstrated that, to the best of his ability, he diligently pursued his claims. Following his conviction, with the assistance of counsel, petitioner filed a direct appeal. (ECF No. 16 at 3.) On October 26, 2011, the California Supreme Court denied the petition for review. (Id.) On October 3, 2012, petitioner filed a habeas corpus petition in the Sacramento County Superior Court. (Id.) Petitioner, through his friends, filed the original petition in this action on October 12, 2012. (ECF No. 1.) On December 20, 2012, the Superior Court denied the state petition. (ECF No. 16 at 3.)

While petitioner's first state habeas petition was filed almost one year after the Supreme Court denied the petition for review, it was filed within the limitations period. See 28 U.S.C. § 2244(d)(1). Considering petitioner's lack of ability to communicate in English, the undersigned finds that he diligently pursued his claims.

Although the motion to stay does not address the final Rhines factor, i.e., the status of any pending state court proceedings on his unexhausted claims, it appears from the proposed amended petition that there are no pending state court proceedings.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

////

////

////

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 2, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

isa2551.sta

6